IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cr-376-ECM |
| | ) | [WO] |
| JIMMY LEE VICKERS, JR. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Jimmy Lee Vickers, Jr.'s ("Vickers") motion to withdraw guilty plea. (Doc. 72). The motion is fully briefed and ripe for review. After careful consideration, and for the following reasons, the Court concludes that the motion is due to be denied without an evidentiary hearing.

## I. PROCEDURAL HISTORY AND BACKGROUND

On June 3, 2025, a grand jury indicted Vickers on two counts of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). On April 1, 2026, pursuant to a plea agreement, (doc. 64), Vickers pleaded guilty to both counts. On April 2, 2026, the Court accepted Vickers' guilty plea and adjudicated him guilty of Counts 1 and 2 of the Indictment. (Doc. 71). On April 11, 2026, Vickers moved to withdraw his guilty plea. (Doc. 72). Vickers identifies the following grounds for withdrawal of his guilty plea: (1) ineffective assistance of counsel, (2) his lack of understanding about the waiver of his appeal rights, and (3) the "rushed" circumstances under which he pleaded guilty.

## II. LEGAL STANDARD

After the court accepts the plea but before sentencing, a defendant may withdraw his guilty plea if he can provide a "fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). "In determining whether the defendant has met his burden to show a 'fair and just reason,' a district court 'may consider the totality of the circumstances surrounding the plea,'" including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quoting *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988)). "The good faith, credibility[,] and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." *Id.* (second alteration in original) (quoting *Buckles*, 843 F.2d at 472). Moreover, the court may decline to hold an evidentiary hearing[1] if the court "conducted extensive Rule 11 inquiries prior to accepting the guilty plea." *Id.*; *see also United States v. Jerchower*, 486 F. App'x 68, 71 (11th Cir. 2012) (per curiam) (concluding that "because the magistrate [judge] conducted an extensive plea colloquy, the district court did not abuse its discretion in refusing to hold an evidentiary hearing on [the defendant's] motion to withdraw his guilty plea").[2]

---

[1] Vickers does not expressly request an evidentiary hearing.

[2] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.

2

### III.  DISCUSSION

The Court begins with whether Vickers had close assistance of counsel available. Vickers claims that his counsel was ineffective with respect to the entry of the guilty plea because, according to Vickers, his counsel (1) did not fully explain the terms and consequences of the plea agreement; (2) did not adequately answer Vickers' questions regarding his rights, including his appeal rights; and (3) did not ensure that Vickers "understood the overall judicial process and the long-term implications of entering a guilty plea." (Doc. 72 at 2).  Vickers' assertions are undermined by his under-oath statements made during the plea colloquy before the Magistrate Judge, in which he confirmed that his attorney discussed with him the plea agreement and its terms—including the appeal waiver—and that he was satisfied with his counsel's performance. (*See* doc. 76 at 11:22–13:9, 13:17–24 (Vickers confirming that his attorney reviewed the plea agreement with him and answered his questions, that Vickers understood the plea agreement, and that Vickers was agreeing to be bound by the terms of the plea agreement); *id.* at 17:17–18:22 (the Magistrate Judge explaining the appeal waiver and Vickers (1) confirming his understanding that he will not be allowed to appeal and (2) confirming that his counsel explained to him the exceptions to the appeal waiver); *id.* at 31:6–13 (Vickers confirming that he was satisfied with how his attorney explained "the charges, the evidence, and [Vickers'] options regarding the case" and that he had no "complaints or criticisms or concerns" regarding counsel's representation)).  Vickers bears "a heavy burden" to show

that his statements made under oath at the plea colloquy were false, *see United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988), and he fails to satisfy his heavy burden here.

Additionally, the Magistrate Judge independently and extensively reviewed with Vickers the terms and consequences of the plea agreement, including the appeal waiver, and Vickers confirmed under oath that he understood. (*See, e.g.*, doc. 76 at 17:17–18:22). Considering the plea colloquy and the entire record in this case, the Court assigns little weight to Vickers' assertions regarding the alleged ineffectiveness of his counsel. To the contrary, the record supports a finding that Vickers had the close assistance of counsel available to him. *See United States v. Midkiff*, 806 F. App'x 678, 681 (11th Cir. 2020) (per curiam) (rejecting the defendant's argument that he lacked close assistance of counsel because his "statements at his plea colloquy, which are generally presumed to be true, confirmed he was satisfied with his lawyer's representation and his lawyer discussed the case and plea agreement with him"). Therefore, the Court finds that this factor counsels against permitting withdrawal of Vickers' guilty plea.

The Court next turns to whether Vickers' plea was knowing and voluntary. Vickers asserts that he lacked sufficient clarity about the waiver of his appeal rights, which "materially impacted his ability to make an informed decision," and that he felt "rushed into entering his guilty plea" and lacked adequate time to consider the plea agreement and consult with counsel. (Doc. 72 at 2). Again, the record belies Vickers' assertions. As indicated above, Vickers stated under oath during the plea colloquy that his attorney discussed with him the plea agreement and its terms, including the appeal waiver, and that

4

he understood he was giving up his appeal rights. (*See* doc. 76 at 11:22–13:9, 13:17–24, 17:17–18:22). Further, Vickers stated under oath that he had decided to plead guilty "freely and voluntarily based on [his] own personal choice." (*Id.* at 29:2–5). Vickers fails to meet his heavy burden to show that these statements were false. *See Rogers*, 848 F.2d at 168. Additionally, after conducting a thorough plea colloquy, the Magistrate Judge concluded that Vickers was "fully competent and capable of entering into an informed plea," that Vickers was "aware of the nature of the charges and the consequences of the plea," and that the guilty plea was knowing and voluntary. (*See* doc. 76 at 34:6–11; *see also* doc. 66 (Magistrate Judge's determination that the defendant "entered the plea of guilty knowingly and voluntarily" and recommendation that the guilty plea be accepted)).

Moreover, Vickers' claim that he pleaded guilty under rushed circumstances is not supported by the record. Vickers was indicted on June 3, 2025, (doc. 1), and he was arraigned on July 14, 2025. On March 11, 2025, Vickers filed a notice of intent to change plea. (Doc. 57). The change of plea hearing was originally set for March 25, 2026, (doc. 60), and Vickers moved to continue the hearing to afford the parties additional time to finalize the terms of the plea agreement and for defense counsel to review and discuss the agreement with him, (doc. 61). The Magistrate Judge granted Vickers' motion and continued the plea hearing to April 1, 2026. (Doc. 62). Thus, the record does not support a finding that Vickers pleaded guilty under rushed circumstances or that the timing otherwise supplies a fair and just reason for the withdrawal of his guilty plea. For these

5

reasons, the Court finds that Vickers' plea was knowing and voluntary, and this factor counsels against granting his motion to withdraw.

The Court further finds that judicial resources would not be conserved if Vickers were permitted to withdraw his guilty plea. Vickers' case has been pending for approximately one year, and he received a thorough and complete Rule 11 proceeding after requesting a continuance. Additionally, his case was removed from the trial docket after he pleaded guilty and would need to be reset if he withdrew his guilty plea. And Vickers does not even contend that he is innocent;[3] to the contrary, he requests an opportunity to "enter a new plea after having had sufficient time and effective assistance of counsel to fully understand his rights and the consequences of his decision." (Doc. 72 at 3). Under these circumstances, judicial resources would be impermissibly multiplied, not conserved, if Vickers were permitted to withdraw his guilty plea. This factor also militates against granting Vickers' motion.

Finally, the Government contends that it would be prejudiced by the withdrawal of Vickers' guilty plea because it would be forced to "spend time, money, and effort to reassemble witnesses and evidence," including a confidential informant. (Doc. 78 at 6 (quoting *Midkiff*, 806 F. App'x at 682 (). The Court finds that, while the Government will suffer some prejudice if Vickers is permitted to withdraw his guilty plea, the Court assigns

---

[3] The Court does not suggest that Vickers' motion would succeed if he had claimed he is innocent. *See Buckles*, 843 F.2d at 472 ("A mere declaration of innocence does not entitle a defendant to withdraw his guilty plea."). Nonetheless, the lack of such a claim bolsters the Court's conclusion that permitting the withdrawal of his guilty plea would not conserve judicial resources.

this factor less weight in resolving Vickers' motion.  Indeed, the Court "need not find prejudice to the government before it can deny a defendant's motion to withdraw [his guilty plea]." *Buckles*, 843 F.2d at 474.  Even if the Government had failed to articulate any prejudice it would suffer, it would not change the Court's conclusion that, based on the totality of the circumstances, Vickers has failed to marshal a "fair and just reason for requesting the withdrawal" of his guilty plea.  *See* FED. R. CRIM. P. 11(d)(2)(B).  Consequently, his motion is due to be denied without an evidentiary hearing. *See Brehm*, 442 F.3d at 1298; *Jerchower*, 486 F. App'x at 71.

## IV.  CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that Vickers' motion to withdraw guilty plea (doc. 72) is DENIED.

DONE this 17th day of June, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE